IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN SANTANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01229-JPG-PMF |
| ) | |
| J KEMPFER, *et al*., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 83) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motion for Summary Judgment (Doc. 64) based on failure to exhaust administrative remedies. Plaintiff filed a timely objection to the R & R (Doc. 84) and Defendants filed a Response to Plaintiff's Objection (Doc. 85).

The Court notes that Plaintiff filed a Motion (Doc. 78) for Leave to File an Amended Answer to Defendants' Motion for Summary Judgment. The Motion for Leave to File an Amended Answer was filed prior to the evidentiary hearing held on August 20, 2015. Plaintiff had an opportunity to raise any issue contained in an Amended Answer at the hearing. As such, Plaintiff's Motion (Doc. 78) for Leave to File an Amended Answer to Defendant's Motion for Summary Judgment is denied as moot.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or

only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As an objection has been filed, the Court will review those portions of R & R to which an objection has been filed *de novo*. The R & R recommends that the Defendants' Motion for Summary Judgment be granted based on the testimony of two defense witnesses at a *Pavey* hearing that stated no grievances were received from the Plaintiff – although the Plaintiff testified he submitted three emergency grievances which were never responded to. Magistrate Judge Frazier determined that the Plaintiff's testimony with regard to the three grievances was not credible in light of the testimony that no grievances were received and Plaintiff's counselor's notes never indicated the Plaintiff sought any follow-up on any of the grievances.

Plaintiff's objection states that it was improper for the Magistrate Judge to resolve credibility issues at the summary judgment stage and cites[1] to *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d. 433, 451 (6th Cir. 2006)[2] which stated in the dissent that, "The court may neither weigh the evidence nor make credibility determinations); and to *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) which stated that "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."

Plaintiff is correct. At the summary judgment stage, the reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986);

---

[1] The Plaintiff also cites to "Fed.R.Civ.P. 5b(c)" and "rule 5b requirements." Fed.R.Civ.P. 5 pertains to the Serving and Filing of Pleadngs and Other Papers and there isn't a section 5b(c).   Given the surrounding context, the Court is assuming that Plaintiff intended to cite Fed.R.Civ.P. 56(c) which govern Summary Judgment.
[2] The United States Court of Appeals, Sixth Circuit is not controlling precedence for this Court.

*Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Further, as Plaintiff cited above, credibility determinations are a jury function.

However, this matter is subject to the Prison Litigation Reform Act. 42 U.S.C. § 1997e (2006) and the requirements of *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008). Under *Pavey*, if exhaustion is contested, an evidentiary hearing is held and a determination made with regard to whether the Plaintiff had, or had not, exhausted his administrative remedies. *Id* at 742.

Although the exhaustion issue was raised by the Defendant's Motion for Summary, the Magistrate Judge did not conduct a hearing on the summary judgment – it was evidentiary hearing on the issue of exhaustion as required by *Pavey*. As the Defendants note in their response, "Inherent in fact finding is the judge's ability to determine whether the fact put forth is credible." (Doc. 85, pg 2). In this matter, a credibility determination was required for the Court to make a determination with regard to exhaustion as required by *Pavey* at the evidentiary hearing.

Plaintiff also argues that the Court could have "take judicial notice of its own records and observe the significant number of other prisoners who have had problems with the exhaustion process at Mendard." (Doc. 84, pg 7). That is a correct statement; however, Plaintiff provides no statutory or case law that would require the Magistrate Judge to do so. The Magistrate Judge noted his concerns over the problems involved with the IDOC regulations pertaining to emergency grievances in the R & R. However, until such time as the emergency grievance procedure is changed, individuals within the system are required to follow the procedures as they are currently prescribed.

According, the Court **ADOPTS** the Report & Recommendation (Doc. 83) in its entirety and Defendants' Motion (Doc. 64) for Summary Judgment is **GRANTED**. This matter is

**DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to enter judgment accordingly.  As noted above, Plaintiff's Motion (Doc. 78) for Leave to File an Amended Answer to Defendant's Motion for Summary Judgment is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** 10/13/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
