IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN SANTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01229-JPG-PMF |
| | ) |
| J KEMPFER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's Motion (Doc. 88) pursuant to Federal Rule of Civil Procedure 59(a)(e). The defendants did not file a response. The Plaintiff is *pro se* and the Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Plaintiff argues that summary judgment was improper since, "the defendants failed to establish even by a preponderance of the evidence that plaintiff did not exhaust his available administrative remedies." He states that the grounds on which the Magistrate Judge determined that the defendants were more credible were insufficient to make such a determination.

These arguments were put forth in Plaintiff's Objection (Doc. 84) to the Report and Recommendation (Doc. 83) and were considered by the Court prior to adopting the R & R. The Court fully discussed the above issues in its Memorandum and Order (Doc. 86) and it will not be repeated here.

Plaintiff does not cite to any newly discovered material evidence or intervening changes in the controlling law that would compel the Court to alter its judgment in this matter. As such, Plaintiff's Motion (Doc. 88) pursuant to Federal Rule of Civil Procedure 59(e) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** 2/8/2016

           *s/J. Phil Gilbert*
           **J. PHIL GILBERT**
           **DISTRICT JUDGE**